**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Xavier Gloria, | ) No. CV 04-0392-PHX-DGC (DKD) |
| Petitioner, | ) |
| vs. | ) **ORDER** |
| Johnny Tucker, et al., | ) |
| Respondents. | ) |

On June 23, 2005, the Court accepted a Report and Recommendation ("R&R") recommending dismissal of Petitioner's writ of habeas corpus as untimely. Doc. #24. Petitioner filed a motion to appoint counsel and a motion to reargue on July 19, 2005. (Doc. ##26, 27). The Court construed Petitioner's motions as motions for reconsideration of the Court's dismissal of the habeas petition, and on September 6, 2005, the motions for reconsideration were denied. Doc. #28. *Id.* On October 28, 2005, Petitioner filed a motion for relief from judgment. Doc. #29.

The Court will construe Petitioner's motion as a second motion for reconsideration. The Court has discretion to reconsider and vacate its Order. *See Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-Cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Nor is it the time to ask the Court to rethink what it has already thought.

The Court will deny Petitioner's second motion for reconsideration because Petitioner's objections do not warrant relief from judgment. Petitioner reiterates the underlying bases for his petition for writ of habeas corpus, but the fact still remains that his habeas claim was filed well after the deadline and he has not shown that extraordinary circumstances prevented him from filing on time. Therefore, Petitioner's second motion for reconsideration is denied.

**IT IS ORDERED** Petitioner's Motion for Relief from Judgment (Doc. #29) is **denied**.

DATED this 5th day of January, 2006.

David G. Campbell
United States District Judge