1   **WO**

2

3

4

5

6   **IN THE UNITED STATES DISTRICT COURT**

7   **FOR THE DISTRICT OF ARIZONA**

8

9   Juan Xavier Gloria,                          )        No. CV 04-0392-PHX-DGC (DKD)
                                                  )
10                  Petitioner,                   )
                                                  )
11   vs.                                          )        **ORDER**
                                                  )
12   Johnny Tucker, et al.,                       )
                                                  )
13                  Respondents.                  )
    _____ )

14

15          On June 23, 2005, the Court accepted a Report and Recommendation ("R&R")

16   recommending dismissal of Petitioner's petition for writ of habeas corpus as untimely.

17   Doc. #24.  Petitioner filed a motion to appoint counsel and a motion to reargue on July 19,

18   2005.   Docs. ##26, 27.   The Court construed Petitioner's motions as motions for

19   reconsideration of the Court's dismissal of the habeas petition, and on September 6, 2005,

20   denied the motions.  Doc. #28.  On October 28, 2005, Petitioner filed a motion for relief from

21   judgment.  Doc. #29.  The Court construed this as a second motion for reconsideration, and

22   denied the motion.  Doc. #30.

23          Petitioner has now filed a Motion to Vacate Judgment and Modification of Consent

24   Decree.  Doc. #31.  The Court will construe this as a third motion for reconsideration.

25          As previously noted in the Court's orders, motions for reconsideration are disfavored

26   and are not the place for parties to make new arguments not raised in their original briefs.

27   *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26

28   (9th Cir. 1988).  Nor should they ask the Court to rethink what it has already thought.

The Court will deny Petitioner's third motion for reconsideration because Petitioner's objections do not warrant relief from judgment.  Petitioner argues that his sentence was improper under *Blakely v. Washington*, 124 S.Ct. 253 (2004).  Petitioner also seeks to introduce evidence concerning his mental health and argues for modification of a consent decree concerning jail conditions, without specifying the consent decree at issue.

Petitioner clearly could have raised his *Blakely* and mental health issues in earlier filings, and the consent decree is not part of this case.  The fact remains that Petitioner's habeas claim was filed well after the deadline provided by statute and he has not shown that extraordinary circumstances prevented him from filing on time.  Therefore, Petitioner's third motion for reconsideration is denied.

**IT IS ORDERED** that Petitioner's Motion to Vacate Judgment and Modification of Consent Decree (Doc. #31) is **denied**.

DATED this 27th day of June, 2006.

David G. Campbell
United States District Judge